LOYD L. LAWING, ADMINISTRATOR OF THE ESTATE OF THOMAS WESLEY WEAVER, DECEASED v. T. E. LANDIS AND C. E. LANDIS, TRADING AS LANDIS MOTORS; HENRY CLICK TRUITT; P. & G. CHAIR COMPANY, INC.; GRADY CARROLL, JR.; EDNA WRENN SCARLETT; WILLIAM LAFAYETTE ABERNETHY; HOUSTON DONNELL HAVNEAR; ABERNETHY'S, INC.; AND EDNA WRENN SCARLETT, ADMINISTRATRIX OF THE ESTATE OF RUSSELL WAYNE SCARLETT, DECEASED.

AND

JOHN E. HOUSER, ADMINISTRATOR OF THE ESTATE OF DOUGLASS EVON HOUSER, DECEASED v. T. E. LANDIS AND C. E. LANDIS, TRADING AS LANDIS MOTORS; HENRY CLICK TRUITT; P. & G. CHAIR COMPANY, INC.; GRADY CARROLL, JR.; EDNA WRENN SCARLETT; WILLIAM LAFAYETTE ABERNETHY; HOUSTON DONNELL HAVNEAR; ABERNETHY'S, INC.; AND EDNA WRENN SCARLETT, ADMINISTRATRIX OF THE ESTATE OF RUSSELL WAYNE SCARLETT, DECEASED.

(Filed 11 April, 1962.)

**1. Automobiles § 18; Negligence § 3—**

Evidence to the effect that when one defendant drove into a dense fog, which had existed for only a short time and only on a short segment of road over and near a stream on an otherwise clear night, he slowed his vehicle to 10 to 15 miles per hour, that a second defendant drove into the rear of the first vehicle with a light impact, and that within a few seconds thereafter a third defendant drove into the rear of the second vehicle with a very heavy impact, *is held* to require the court to charge the jury with respect to the doctrine of sudden emergency as to each defendant.

**2. Automobiles § 46—**

When the evidence presents the question of sudden emergency on the part of drivers entering unexpectedly into a dense fog, an instruction

on the doctrine of sudden emergency that if the jury should find in respect to each driver that he was confronted with a sudden emergency he would not be held to the wisest choice of conduct but only to that choice which a reasonably prudent person, under similar circumstances, would make, with further instructions that the principle of sudden emergency would not be available to a defendant if such defendant, by his own negligence, brought about or contributed to the emergency, *is held* without error.

APPEAL by plaintiffs from *McLean, J.,* September 1961 Regular Term, CATAWBA Superior Court.

These civil actions were instituted under the wrongful death statute to recover damages which grew out of rear-end collisions involving three vehicles. In short summary the evidence disclosed the following: On the night of February 21, 1961, a truck, loaded with chairs and belonging to P. & G. Chair Company, became disabled on U. S. Highway 64-70 a few miles east of Hickory in Catawba County. The highway is paved. Its two north lanes are for west-bound, and two south lanes are for east-bound traffic. The chair company engaged Landis Motors, Inc., to tow the disabled truck west to Hickory for repairs. At about eleven o'clock at night the wrecker, operated by the defendant Truitt, was attached to the disabled truck, raising the front of the truck about 18″ from the pavement. The defendant Carroll, agent of the Chair Company, was riding with Truitt in the cab of the wrecker during the towing operation. The driving lights of the disabled truck were cut off in order to keep them from blinding Truitt because of their elevated position. The switch which cut off the driving lights, also cut off the tail lights. However, another switch was turned on, displaying four marginal lights on the back of the truck. As the driver of the wrecker was proceeding in the north lane of traffic west toward Hickory, although the weather was clear and the road dry, he suddenly entered an extremely dense fog which blanketed the road near a stream. Truitt reduced the speed to 10-15 miles an hour and after he had proceeded about 100 to 150 yards into the fog there was a slight impact against the rear of the disabled truck; then in a few seconds a second and violent impact.

The evidence disclosed that the first impact was caused when a Chevrolet passenger vehicle, owned by Edna Wrenn Scarlett and driven by Russell Wayne Scarlett, ran into the rear of the furniture truck. The evidence indicated the second impact was caused by the ramming of the rear of the Chevrolet by a Ford Station Wagon owned by William Lafayette Abernethy and Abernethy's, Inc., and driven by the agent, Donnell Havnear. The Chevrolet was crushed between the truck and the station wagon. The plaintiffs' intestates were riding

as guest passengers in the Chevrolet. They, and two others, were killed, and a fifth occupant seriously injured. Various acts of negligent operation, failure to display proper lights, failure to keep a proper lookout and observe road conditions, following too closely, and operating at excessive speed were charged against the various drivers of the three vehicles involved.

At the close of the plaintiffs' evidence, judgments of involuntary nonsuit were entered and the action dismissed as to the Chair Company and Grady Carroll. Issues of negligence were submitted to the jury as to the other defendants. The jury answered these issues in favor of the defendants. From the judgments on the verdicts, the plaintiffs appealed.

*Richard A. Williams, Martin C. Pannell for plaintiff Loyd L. Lawing, Administrator appellant.*

*M. T. Leatherman, Don M. Pendleton for plaintiff John E. Houser, Administrator appellant.*

*Patton & Ervin for defendant Edna Wrenn Scarlett, Individually and Edna Wrenn Scarlett, Administratrix appellee.*

*Patrick, Harper and Dixon, By Charles D. Dixon and Bailey Patrick for defendants T. E. Landis and C. E. Landis, Trading as Landis Motors, and Henry Click Truitt, appellees.*

*Emmett C. Willis, James C. Smathers for defendants William Lafayette Abernethy, Houston Donnell Havnear, and Abernethy's Inc., appellees.*

HIGGINS, J.  The record, consisting of almost 300 pages, indicates the trial was carefully conducted both by the presiding judge and the participating attorneys. The judgments of nonsuit as to the Chair Company and its agent, Carroll, were entirely proper. In fact, the plaintiffs do not challenge the propriety of these judgments.

The plaintiffs do contend, however, the court committed prejudicial error by "(1) giving all the defendants the benefit of a charge on sudden emergency, and (2) assuming the defendants were entitled to the sudden emergency charge, did the court properly instruct the jury as to what facts would constitute the emergency."

The evidence disclosed a fog of such extreme density as to obscure or almost blot out lights of a motor vehicle except for a very few feet. This condition existed for only a very short distance over or near a stream on an otherwise clear night. A few minutes before, as the wrecker passed over the stream on the way to the disabled truck, there was no fog whatever on the highway. On the return, the driver entered the fog, reduced speed to 10 to 15 miles per hour, and had

proceeded for 100 to 150 yards when slightly bumped by the Chevrolet, and immediately thereafter rammed by the station wagon. Evidence of unlawful speed on the part of either vehicle was lacking. Did not the presence of these three vehicles at the same place, at the same time, all driving west in the fog, require the court to charge the jury with respect to a driver's duty in a sudden emergency?

The court charged:

> "Each defendant contends on his own behalf that he was faced with a sudden emergency that suddenly arose; that he moved into this fog without knowing or without any means of knowing its intensity; and that after being in there, that he used due care to get out under all the circumstances and used due care in the operation of the vehicle under all the circumstances. So, under this principle of sudden emergency, that is if you should find that the defendant was confronted with a sudden emergency and, taking each defendant separately in considering the attendant circumstances under which he was operating his automobile—that defendant would not be held to the same degree of care as in ordinary circumstances, but only to that degree of care which an ordinarily prudent person would use under similar circumstances. The standard of conduct required in an emergency, as elsewhere, is that of a prudent person; but the Court instructs you, however, that this principle is not available to a defendant, that if such defendant, by his own negligence, has brought about or contributed to that emergency. One who acts in an emergency is not held by law to the wisest choice of conduct, but only to such choice as a person of ordinary prudence, similarly situated, would have made or used."

The charge is sustained by many decisions of this Court, among them the following: *Sparks v. Phipps*, 255 N.C. 657, 122 S.E. 2d 496; *Clark v. Scheld*, 253 N.C. 732, 117 S.E. 2d 838; *Bundy v. Belue*, 253 N.C. 31, 116 S.E. 2d 200. See also, Strong's Index, Vol. 3, Negligence, § 3, p. 445. The charge covers all essential aspects of the case as presented by the pleadings and the evidence. The jury whose duty it was to find the facts, has exonerated all defendants. A careful review and examination of the record fail to disclose any reason why the findings should be disturbed.

No error.