IN THE MATTER OF THE WILL OF MADELINE S. COOLEY, DECEASED

No. 837SC140

(Filed 7 February 1984)

1. **Wills § 19— caveat proceeding—sufficiency of evidence to support jury verdict finding proper will**

The evidence presented by the propounder of a will was sufficient to support the jury's verdict finding a paper writing to be the valid last will and testament of Madeline S. Cooley, and although some of the caveator's evidence may have been sufficient to raise some doubt as to the validity of Mrs. Cooley's will, the jury resolved these doubts. G.S. 31-3.3.

2. **Wills § 23— caveat proceeding—instructions proper**

In a caveat proceeding, the trial court was not required to charge on the application of the following evidence to the issues submitted to the jury: that the appearance of the will manuscript cover and the two pages of the will showed that the staple holes in the three pieces of paper did not match; that there were more staple holes in page one of the will where all devises and bequests were made, than in the manuscript cover or page two of the will; that devises and bequests were made on page one to "several" heirs and on page two the will contained an express desire that "neither" of her heirs mentioned in the will contest the will. Such evidence was totally lacking in probative value and would not support a reasonable inference as to any finding as to whether the will had been "changed" after its execution.

APPEAL by caveator from *Winberry, Judge.* Judgment entered 21 September 1982 in NASH County Superior Court. Heard in the Court of Appeals 13 January 1984.

Madeline S. Cooley died on 13 November 1981, at the age of 79. Her last will, dated 1 March 1979, was duly presented for probate. Mrs. Cooley's son, Roger A. Cooley, duly filed a caveat to the will. The matter was tried before a jury. The following issues submitted and the answers of the jury were as follows:

Issue Number One: Was the paper writing dated March 1, 1979, executed by Madeline S. Cooley according to the requirements of the law for a valid last will and testament?

Answer: Yes.

Issue Number Two: Is the paper writing referred to in issue number one, and every part thereof, the last will and testament of Madeline S. Cooley, deceased?

Answer: Yes.

---

In re Cooley

---

Following the return of the verdict, the caveator moved for judgment notwithstanding the verdict on the grounds that the verdict was against the weight of the evidence and that the evidence did not support the verdict; and moved for a new trial on the grounds of errors committed in the course of the trial, particularly in the charge of the court to the jury. These motions were denied.

The trial court then entered judgment, in pertinent part, as follows:

IT IS THEREFORE ORDERED AND ADJUDGED:

1. That the paper writing dated March 1, 1979, was executed by Madeline S. Cooley according to the requirements of the law for a valid last will and testament, and said paper writing, and every part thereof, is the last will and testament of Madeline S. Cooley, deceased; and the same is hereby admitted to probate in solemn form;

. . .

From the judgment, caveator has appealed.

*Nelson W. Taylor, III for caveator.*

*Valentine, Adams, Lamar & Etheridge, by Franklin L. Adams, Jr. and Spruill, Lane, Carlton, McCotter & Jolly, by Frank P. Spruill, Jr. and Ernie K. Murray, for propounder.*

WELLS, Judge.

Caveator has presented assignments of error relating to the exclusion of certain evidence at trial, the failure of the trial court to give requested jury instructions, the denial of caveator's motion to set the verdict aside, for judgment N.O.V. and for a new trial, and to the entry of judgment. We find no error in the trial below.

Caveator's principal assignments of error challenge the trial court's ruling on caveator's motions relating to the sufficiency of the evidence and to the trial court's denial of caveator's requested jury instructions on the question of whether Mrs. Cooley's will was changed after she executed it.

## I. Sufficiency of the Evidence.

[1]  In a caveat proceeding, proof of the formal execution of an attested will in conformity with the statutory requirements establishes *prima facie* that the offered document is the will of the testator and is sufficient to allow the jury to find that the document is the will of the testator. *See In re Will of Isley,* 263 N.C. 239, 139 S.E. 2d 243 (1964); *In re Will of Roberts,* 251 N.C. 708, 112 S.E. 2d 505 (1960); *see also* 1 Wiggins, *Wills and Administration of Estates in North Carolina,* § 126 (2d ed. 1983). The controlling statute, N.C. Gen. Stat. § 31-3.3 (1976) provides:

§ 31-3.3. *Attested written will.* —

(a) An attested written will is a written will signed by the testator and attested by at least two competent witnesses as provided by this section.

(b) The testator must, with intent to sign the will, do so by signing the will himself or by having someone else in the testator's presence and at his direction sign the testator's name thereon.

(c) The testator must signify to the attesting witnesses that the instrument is his instrument by signing it in their presence or by acknowledging to them his signature previously affixed thereto, either of which may be done before the attesting witnesses separately.

(d) The attesting witnesses must sign the will in the presence of the testator but need not sign in the presence of each other.

In support of her burden, propounder offered the will and the testimony of four persons: Belva Johnson Williamson, George A. Harrison, Mary A. Harrison, and Verla Vick. The testimony of these witnesses tended to show that Ms. Williamson and Mr. and Mrs. Harrison were employed by Mrs. Cooley at her residence. The Harrisons were household employees who had worked for Mrs. Cooley for many years before 1 March 1979, the date on Mrs. Cooley's will. Ms. Williamson was employed by Mrs. Cooley as a companion from January 1979 until Mrs. Cooley's death. For a number of years prior to 1 March 1979, Ms. Vick had provided

record keeping services for Mrs. Cooley and Mrs. Cooley's deceased husband, Congressman Harold Cooley.

On the afternoon of 1 March 1979, Ms. Williamson informed Mrs. Harrison that Mrs. Cooley desired the Harrisons and Ms. Williamson to witness her will. At Mrs. Cooley's request, Ms. Vick went to the Cooley home on that same afternoon. Before Ms. Vick's arrival, Mrs. Cooley was in the downstairs dining room of the Cooley residence. Upon Ms. Vick's arrival, at Mrs. Cooley's request, Ms. Vick told Mrs. Cooley how to date and sign her will. Mrs. Cooley then called Ms. Williamson to come to the dining room; Ms. Vick called Mrs. Harrison, who then called Mr. Harrison. They all then observed Mrs. Cooley date and sign an instrument which Mrs. Cooley stated was her will. Mrs. Cooley requested Ms. Williamson and the Harrisons to witness her execution of her will and to attest to their witnessing. Ms. Williamson and the Harrisons then all signed the will in the presence of Mrs. Cooley and in the presence of each other. Mrs. Cooley then placed the will in an envelope, sealed the envelope and turned it over to Ms. Vick, who placed it in a bank safety deposit box, where it remained undisturbed until it was removed for probate following Mrs. Cooley's death.

It is clear to us that the evidence presented by the propounder was sufficient to support the jury's verdict. In his effort to persuade the jury to reject the offered will of Mrs. Cooley, caveator presented the testimony of a number of witnesses. Caveator's relevant evidence tended to show the following. For about two years prior to 1 March 1979, Mrs. Cooley had been in a state of declining health, was usually bedridden and seldom ventured to the downstairs areas of her home. It was Mrs. Cooley's habit to summon her family and associates to her bedside to accommodate her needs, rather than to go about the house herself. Mrs. Cooley suffered from severe arthritis, which caused her hands to swell and become stiff. In February of 1979, Mrs. Cooley, who was right-handed, fell in her bedroom and broke her right wrist, an injury requiring the application of a cast extending from her hand to her elbow. She was still wearing the cast on 1 March 1979. During the time the cast was in place and for at least a month thereafter, all of Mrs. Cooley's personal checks were signed for her by Ms. Vick. At the time her offered will was dated, purportedly signed and witnessed, it would have been dif-

ficult for Mrs. Cooley to go from her upstairs bedroom to the downstairs dining room and it would have been difficult for her to use her right hand to sign her will. Following Mrs. Cooley's death, Ms. Vick and George Harrison had stated that the will was signed in Mrs. Cooley's bedroom and that George Harrison was not present when it was signed and was not requested by Mrs. Cooley to attest to her signature or execution of her will. These statements conflicted with later trial testimony of Ms. Vick and Mr. Harrison.

Caveator also presented certain other evidence which we will discuss in more detail in the next section of our opinion, tending to show that the staple holes in the manuscript cover and the second page of the will matched, but the staple holes on the first page did not match the other staple holes.

Caveator's motion for judgment notwithstanding the verdict addresses the sufficiency of the evidence to support the jury's verdict. Although some of caveator's evidence may have been sufficient to raise some doubt as to the validity of Mrs. Cooley's will, the jury resolved these doubts. Our review of the evidence convinces us that the trial judge was clearly correct in denying caveator's motion for judgment N.O.V.

Caveator's motion to set the verdict aside and for a new trial on insufficiency of evidence grounds were addressed to the sound discretion of the trial court, and the trial court's ruling thereon will not be disturbed absent a manifest showing of abuse of that discretion. *See Britt v. Allen,* 291 N.C. 630, 231 S.E. 2d 607 (1977) and cases and authorities cited therein. We find no basis in the evidence of this case for doubting the trial court's rulings on these motions, and hold that caveator has failed to show any abuse of the trial court's discretion in ruling on these motions.

## II. Caveator Jury Instruction Requests.

[2] In other assignments of error, caveator contends that the trial court erred in denying his requested jury instructions on "changes" in Mrs. Cooley's will. Although the caveat in this case stated no specific grounds, it is clear from the record that one of the grounds caveator hoped to establish at trial was that Mrs. Cooley's will had been tampered with or changed after its execution and therefore could not qualify as her last will. Caveator's requested instructions, in pertinent part, were as follows:

This issue reads:

"Is the paper writing referred to in Issue #1, and every part thereof, the last will and testament of Madeline S. Cooley, deceased?

. . .

I instruct you, members of the jury, that on this issue the propounder, Verla M. Vick, has the burden of proof to satisfy you by the greater weight of the evidence that the paper writing is in all respects the will of the testator, Madeline S. Cooley.

The paper writing submitted to you by the propounder, Verla M. Vick must be the same paper writing executed by the testator, Madeline S. Cooley, as her last will and testament.

If there has been any change in the paper writing since Madeline S. Cooley signed it, that change must have been made by Madeline S. Cooley or someone at her direction, and the paper writing must have been executed again after such change.

(Here relate the above law to the evidence.)

Therefore, members of the jury, I instruct you that if you find, by the greater weight of the evidence, that the paper writing was executed according to the requirements of the law, that it is in all respects as it was when signed by her, or if changed, was again executed by Madeline S. Cooley after the change, then I instruct you that you will answer this issue, "Yes."

On the other hand, if you don't find from the greater weight of the evidence that the paper writing was executed according to the requirements of the law or if you find that there was a change in the will after the testator, Madeline S. Cooley, executed it and that she did not again execute it after the change, or if you are not able to determine where the truth lies, then you would answer this issue, "No."

While it is the general rule that in a civil case the trial judge must declare and explain the law arising in the evidence, even in

the absence of a special request, *see* N.C. Gen. Stat. § 1A-1, Rule 51 of the Rules of Civil Procedure, *Board of Transportation v. Rand,* 299 N.C. 476, 263 S.E. 2d 565 (1980), *Investment Properties v. Norburn,* 281 N.C. 191, 188 S.E. 2d 342 (1972), the rule has certain accepted limits. *E.g.,* the duty is to explain the law and apply it on "all substantial features of the case," *Investment Properties v. Norburn, supra,* and the instruction must be based on evidence "which, when viewed in the light most favorable to the proponent, will support a reasonable inference of each essential element of the claim or defense asserted, *Cockrell v. Transport Co.,* 295 N.C. 444, 245 S.E. 2d 497 (1978).

The evidence caveator contends required his requested instruction is: One, that the appearance of the will manuscript cover and the two pages of the will show that the staple holes in these three pieces of paper do not match; that there are more staple holes in page one of the will where all devises and bequests are made, than in the manuscript cover or page two of the will; and two, that while devises and bequests were made on page one to several heirs of Mrs. Cooley, on page two, the will contains an expressed desire that "neither" of her heirs mentioned in the will contest the will. Such evidence is totally lacking in probative value and would not support a reasonable inference as to any finding as to whether Mrs. Cooley's will had been "changed" after its execution. Hence, the trial court was not required to charge on the application of this evidence to the issues submitted to the jury. Indeed, to have done so would have led the jury into areas of pure speculation and conjecture.

We have carefully examined caveator's other assignments of error and find them to be without merit, therefore, we deem it unnecessary to discuss them.

In the trial below, we find

No error.

Judges WEBB and WHICHARD concur.