RICHARD D. HELMS, JR. AND MARGARET F. HELMS v. CHURCH'S FRIED CHICKEN, INC.

No. 8526SC1030

(Filed 17 June 1986)

1. **Master and Servant § 35.2— employee's statement during robbery—injury to patron—negligence action against employer—summary judgment for employer improper**

    The trial court erred in entering summary judgment for defendant in plaintiffs' negligence action where there was a genuine issue of material fact as to whether defendant's employee made a statement during a robbery which negligently increased the risk of harm to plaintiffs. Furthermore, it was error for the court to conclude as a matter of law that plaintiffs failed to make out a negligence claim against defendant where the permissible inferences to be drawn from plaintiffs' forecast of evidence were that plaintiffs were business invitees of defendant; plaintiffs were owed a duty by defendant; defendant's employee, acting within the course and scope of his or her employment, breached that duty by negligently increasing the risk of harm to plaintiffs during the armed robbery; and as a proximate result of that breach, plaintiffs were injured.

2. **Master and Servant § 35.2— employee's statement during robbery—injury to patron—negligence action against employer—summary judgment for employer improper**

    In an action to recover for the negligence of one of defendant's employees during an armed robbery which allegedly greatly increased the risk to plaintiffs, evidence on the negligence issue was sufficient to withstand defendant's motion for summary judgment where a question for the jury existed as to whether defendant's employee should have reasonably foreseen the consequences of his behavior in stating to one plaintiff in a loud voice, "when you leave call the police we are being robbed."

3. **Master and Servant § 35.2; Negligence § 35.3— employee's statement during robbery—injury to patron—sudden emergency—jury question**

    Where plaintiffs alleged that they suffered serious injury during an armed robbery because of the negligence of defendant's employee in telling one plaintiff to "call the police we are being robbed," a jury question existed as to whether the employee exercised the kind of judgment expected of a person of ordinary prudence faced with a sudden emergency.

APPEAL by plaintiffs from *Burroughs, Judge.* Order entered 8 May 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 February 1986.

*Campbell, Morrison and Bush, by Dale S. Morrison, for plaintiff appellants.*

*Hedrick, Eatman, Gardner & Kincheloe, by Edward W. Hedrick, for defendant appellee.*

BECTON, Judge.

This is a negligence action brought by Richard and Margaret Helms (the Helmses) against Church's Fried Chicken, Inc. (Church's). The Helmses alleged that they were injured as a result of defendant's employee's negligence. The trial court granted summary judgment in favor of Church's, and the Helmses appeal. We reverse and remand for trial.

I

The facts alleged in the complaint and the answers to interrogatories reveal that the Helmses went to Church's on 19 October 1981; that Richard went into the store, bought some food, and turned to leave; that one of Church's employees stated in a loud voice, "when you leave call the police we are being robbed"; that Richard was immediately assaulted by at least three robbers;

that when Margaret Helms saw Richard Helms being attacked, she started out of the truck in the parking lot toward the store to help him; that Richard called out to Margaret to get in the truck and lock the door, but that she was attacked and robbed before she was able to do so; that Richard Helms was stabbed in the back, arm, thumb, both hands and eye, and that Margaret Helms was stabbed in the back, was bruised, suffered a concussion, and had her purse stolen.

The Helmses assign error to the trial court's conclusion that there was no genuine issue of any material fact and that the defendant was entitled to judgment as a matter of law.

II

A. *Summary Judgment*

[1] Summary judgment is only proper when the pleadings and discovery, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Singleton v. Stewart*, 280 N.C. 460, 464-65, 186 S.E. 2d 400, 403 (1972). The burden is on the party moving for summary judgment to establish the lack of a triable issue of fact. *See Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E. 2d 379, 381 (1975). We hold that Church's has failed to meet this burden.

Church's denies that its employee ever made the alleged statement. Since we conclude that whether, and the manner in which, the statement was made are material factual issues on which the Helmses' case could rise or fall, it was error for the trial court to grant summary judgment to Church's.

The trial court also erred in ruling that Church's was entitled to summary judgment as a matter of law. The permissible inferences to be drawn from the non-moving party's forecast of the evidence were that the Helmses were business invitees of Church's; that the Helmses were owed a duty by Church's; that Church's employee, acting within the course and scope of his or her employment, breached that duty by negligently increasing the risk of harm to the Helmses during the armed robbery; and that as a proximate result of that breach, the Helmses were injured. It was error to conclude as a matter of law that the Helmses failed to make out a negligence claim against Church's.

B. *Negligence Principles*

[2] An individual who enters a store as a customer during business hours is a business invitee for purposes of establishing the duty owed to the individual by the owner of the premises. *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 638, 281 S.E. 2d 36, 38 (1981). The owner is not an insurer of the safety of customers, but must exercise ordinary care to maintain the premises in such a condition that they can be used safely by invitees in the manner for which they were designed and intended. *Id.*

Ordinarily, the store owner is not liable for injuries to invitees resulting from the intentional, criminal acts of third persons, *unless* the owner has reason to know that there is a likelihood of this kind of conduct by third persons *or the owner has reason to know such acts of third persons are occurring, or are about to occur. See Foster*, 303 N.C. at 638-39, 281 S.E. 2d at 38 (quoting the Restatement (Second) of Torts, Sec. 344 comment f (1965) (emphasis added)). Foreseeability is the test to determine the extent of the owner's duty to safeguard business invitees from the criminal acts of third persons. *Foster*, 303 N.C. at 640, 281 S.E. 2d at 39.

Church's argues that foreseeability only relates to the question whether a duty to protect business invitees arises upon evidence of *prior criminal activity* on the premises or in the community. Church's reliance on *Sawyer v. Carter*, 71 N.C. App. 556, 322 S.E. 2d 813 (1984), *disc. rev. denied*, 313 N.C. 509, 329 S.E. 2d 393 (1985) is misplaced. The issue in *Sawyer* was whether prior criminal activity in the neighborhood was admissible to show foreseeability.

In the instant case, the question is whether Church's employee should have reasonably foreseen the consequences of his or her act, which may have increased the risk of harm to the Helmses. The foreseeability of the holdup is a separate issue.

We said in *Sawyer*:

[E]vidence of similar prior criminal activity committed on the premises *is the most strongly probative type of evidence* on the question of foreseeability. . . .

. . . .

. . . The forecast of evidence *in this case* does not support a triable issue of fact on the question of reasonable foreseeability.

71 N.C. App. at 561-62, 322 S.E. 2d at 817 (emphasis added). We do not read *Sawyer* to encompass any issue of foreseeability in the "business invitee-criminal act of third party" context other than the one on which it was decided.

Instead, we rely on the recognized corollary to an owner's duty to safeguard business invitees from criminal acts of third persons: if an owner (or owner's agent) acts, or fails to act, against an armed robber when he or she should reasonably foresee that such action or inaction could proximately result in injury to a customer, the owner may be liable for the customer's injuries. *See* Annot., 72 A.L.R. 3d 1269, 1273 (1976).

The Helmses allege that the armed robbers should have posed an obvious and apparent danger to customers in the eyes of Church's employee, and that the employee's action was negligent because it increased the hazard which in turn caused the injury. A similar situation arose in *Kelly v. Kroger Co.*, 484 F. 2d 1362 (10th Cir. 1973). In *Kelly*, armed robbers held up a grocery store, and ordered an employee to open a safe. Knowing that the safe was equipped with a silent alarm heard only at the police station, the employee complied with the demand. The police arrived while the robbery was still in progress, and the robbers took a customer hostage, eventually killing her.

The Court of Appeals for the Tenth Circuit held that the district court's entry of summary judgment in defendant's favor was error. If plaintiff could present sufficient evidence to convince a jury that the employee, foreseeing the apparent risks and dangers of his action, acted unreasonably under the circumstances, increasing the hazard which ultimately caused the death, plaintiff would be entitled to recover. *See also Orrico v. Beverly Bank*, 109 Ill. App. 3d 102, 440 N.E. 2d 253 (1982) (citing Prosser, *Torts* Sec. 53 (4th ed. 1971) for the general principle that a defendant owes a duty not to increase foreseeable risk of harm to another). We hold that the forecast of evidence on the negligence issue is sufficient to go to the jury.

## C. *Sudden Emergency*

[3]  Church's argues that even if its employee made the alleged statement, there is no negligence as a matter of law based on the doctrine of sudden emergency. We do not agree.

"Sudden emergency" is not a legal defense which may operate to bar an action; it is only one factor to consider in making the reasonable person determination. The factual issue to be decided is whether Church's employee had the opportunity to exercise the kind of judgment expected of a person of ordinary prudence faced with such an emergency.

> The doctrine of sudden emergency is simply that one confronted with an emergency is not liable for an injury resulting from . . . acting as a reasonable [person] might act in such an emergency. If [one] does so, he [or she] is not liable for failure to follow a course which calm, detached reflection at a later date would recognize to have been a wise choice.
>
>     . . . .
>
> That one was faced with an emergency before the injury occurred does not, however, necessarily shield [one] from liability. He [or she] must still act, after being confronted with the emergency, as a reasonable person so confronted would then act. *The emergency is merely a fact* to be taken into account in determining whether he [or she] has acted as a reasonable [person] so situated would have done.

*Rodgers v. Carter*, 266 N.C. 564, 568, 146 S.E. 2d 806, 810 (1966) (emphasis added); *see also* Restatement (Second) of Torts, Sec. 296 (1965). The question whether an actor used due care in an emergency is ordinarily for the jury. *Rouse v. James*, 254 N.C. 575, 582, 119 S.E. 2d 628, 633 (1961).

We hold that it was for the jury to decide whether Church's employee made the alleged statement. The jury must also be allowed to determine the manner in which the statement was made and whether, under the circumstances, Church's employee acted as a reasonably prudent person would have acted.

Shouting, "Fire!" in a crowded theatre when there is in fact a fire may, in most circumstances, be the reasonably prudent thing to do, while the same act done to warn of a single piece of paper

burning in a trashcan in the theatre vestibule may not be. The jury will decide into which realm this case will fall.

The entry of summary judgment is, therefore, reversed, and the case is remanded for trial.

Reversed and remanded.

Judges JOHNSON and MARTIN concur.