MAIN STREET SHOPS, INC. v. ESQUIRE COLLECTIONS, LTD.

[115 N.C. App. 510 (1994)]

not search these maps, discover that the property was located in a flood plain, and inform plaintiffs could not constitute a "negligent omission." Plaintiffs' argument is without merit.

Plaintiffs also contend, however, that French knew that the survey made by Gordon was wrong and thus a duty was imposed on French to conduct an independent investigation of the property as to whether it was located in a flood plain. Plaintiffs base their allegation that French knew the survey was wrong on the fact that the survey did not show that a creek ran through the property. We do not find that the fact that the survey did not include the creek created a duty in French to conduct an independent search of the federal flood hazard maps, especially in light of the facts that plaintiffs were represented by an attorney at the closing and French informed plaintiffs at the closing that the survey should have shown the creek running through the property. Plaintiffs' argument is without merit.

Accordingly, we conclude that under these facts, French was not under the duty to search the federal flood hazard maps to determine whether the property was located in a flood plain and affirm the trial court's granting of French's motion for judgment notwithstanding the verdict.

Affirmed.

Judge WELLS concurred prior to 30 June 1994.

Judge WYNN concurs in the result only.

———————————

MAIN STREET SHOPS, INC., Plaintiff v. ESQUIRE COLLECTIONS, LTD., Defendant

No. 9330SC300

(Filed 19 July 1994)

1. **Evidence and Witnesses § 672 (NCI4th)— failure to object when evidence first introduced—subsequent objection not timely**

Defendant's objection to a particular exhibit, the contents of an envelope addressed to defendant corporation's secretary, was not timely where plaintiff had previously been permitted to testify with regard to the same evidence without objection.

**Am Jur 2d, Trial §§ 405 et seq.**

MAIN STREET SHOPS, INC. v. ESQUIRE COLLECTIONS, LTD.

[115 N.C. App. 510 (1994)]

2. **Landlord and Tenant § 38 (NCI4th)— default on lease— notice to lessee—admissibility of returned letter**

In an action alleging default on a lease, the trial court did not err in admitting into evidence an unopened certified letter bearing the notation "unclaimed" and addressed to defendant corporation's secretary at the address set forth in the lease, since, by the very terms of the lease, notification is accomplished once an appropriate writing is addressed and deposited in the mail as specified; neither receipt nor proof of receipt is required; plaintiff's president's testimony without objection established that plaintiff gave notice of default to defendant in the manner designated in the lease; and the envelope and its contents were corroborative of that testimony.

**Am Jur 2d, Landlord and Tenant §§ 1007 et seq.**

3. **Landlord and Tenant § 13 (NCI4th)— breach of covenant of quiet enjoyment—instruction not required**

The trial court properly declined to instruct the jury with respect to an alleged breach by plaintiff of the covenant of quiet enjoyment, since that instruction was not relevant to those issues which were submitted to the jury, specifically, existence of the lease contract, defendant's breach thereof, and damages.

**Am Jur 2d, Landlord and Tenant §§ 330 et seq.**

**Breach of covenant for quiet enjoyment in lease. 41 ALR2d 1414.**

4. **Attachment and Garnishment § 23 (NCI4th)— attachment of property—adequacy of sheriff's return—clear identification of property required**

The adequacy of a sheriff's return upon attachment should be decided on a case by case basis, and all attendant circumstances should be considered with an eye toward whether the property has been identified clearly.

**Am Jur 2d, Attachment and Garnishment §§ 330 et seq.**

5. **Attachment and Garnishment § 39 (NCI4th)— attachment of property—posting release bond—estoppel to challenge procedure defects**

Posting a bond to release property from attachment estops a defendant from thereafter challenging any procedural defects in the process.

**Am Jur 2d, Attachment and Garnishment §§ 419 et seq.**

6. **Attachment and Garnishment § 23 (NCI4th)— sheriff's return describing attached property—adequacy**

Plaintiff substantially complied with the mandate of N.C.G.S. § 1-440.16(a) where the sheriff's returns described the property levied on as being "Esquire Collections, Shop + Contents" and "Close Esquire Collections Ltd a fforeign [sic] operation," since the returns adequately identified a particular unique commercial establishment in the small town of Highlands and indicated that the entire contents of the establishment were being seized, and a complete inventory of all goods in the retail store was not required.

**Am Jur 2d, Attachment and Garnishment §§ 330 et seq.**

**Sufficiency, as to content, of notice of garnishment required to be served upon garnishee. 20 ALR5th 229.**

Appeal by defendant from judgment entered 20 August 1992 by Judge C. Walter Allen in Macon County Superior Court. Heard in the Court of Appeals 12 January 1993.

*Jones, Key, Melvin & Patton, P.A., by R. S. Jones, Jr. and Fred H. Jones, for plaintiff-appellee.*

*Creighton W. Sossomon for defendant-appellant.*

JOHN, Judge.

Plaintiff-lessor instituted the actions *sub judice* against defendant-lessee alleging default of a written lease agreement, and seeking, *inter alia*, attachment of defendant's personal property located on and within the leased premises. Orders were entered by the clerk of court allowing attachment, and defendant twice posted bond to discharge the orders. The cases were consolidated for trial, and judgment was entered in favor of plaintiff on 20 August 1992 in the total amount of $44,620.02. The trial court contemporaneously denied defendant's motions to discharge the attachments and bonds.

Defendant contends the trial court erred by 1) allowing a certain exhibit into evidence; 2) failing to submit jury instructions requested by defendant; and 3) denying defendant's motions to discharge the attachments. We disagree.

**MAIN STREET SHOPS, INC. v. ESQUIRE COLLECTIONS, LTD.**

[115 N.C. App. 510 (1994)]

## I.

Defendant initially assigns error to the admission into evidence of plaintiff's Exhibit # 2 and its contents. The exhibit consisted of an unopened certified letter bearing the notation "unclaimed" and addressed as follows:

> Mr. John Roberts
> Suite B-202
> 5455 Buford Highway, Atlanta, Georgia 30340

Enclosed in the envelope were a four-page letter dated 24 January 1990 from O. E. Young (Young), plaintiff's president, to John Roberts (Roberts), defendant's secretary, and a bill for propane gas usage. Plaintiff was permitted to introduce the envelope and contents for purposes of showing notification of default in rent and utility payments in satisfaction of lease provisions requiring notice of, and a 30-day period to cure, default.

Defendant maintains "[t]he presumption that a letter properly addressed and mailed has been received" is inapplicable to the circumstances herein since the letter in question was neither received nor properly "mailed" due to an incorrect address and failure to designate agency capacity of the addressee. Consequently, plaintiff insists, notice of default and opportunity to cure, preconditions to suit under the lease, were not properly in evidence.

We first review the manner in which the envelope itself was introduced at trial. The following exchange took place between Young and plaintiff's counsel on direct examination:

Q. Was that [October 1989] the last payment that [defendant] made under the lease?

A. Yes sir.

Q. Did you thereafter demand that [defendant] pay [its] rent?

A. Yes sir.

Q. In January of 1990, did you give notice to the defendant that it had breached the lease or that it was in default?

A. By notice, what—a letter, yes. I sent [it] a registered [sic] letter. I sent it to [defendant's] Secretary-Treasurer as it appeared on the lease—as the lease called for.

Q. I will hand you a document designated as Plaintiff's Exhibit 2 and ask if you recognize that?

. . . .

A. It's a registered [sic] letter addressed in my handwriting containing—

. . . .

A. Return receipt requested. It's a certified letter dated the 20th of February, 1990 to Mr. John Roberts . . . Suite B-202, 5455 Buford Highway, Atlanta, Georgia 30340. That's the address that was in the lease . . . .

Q. Did the contents of that certified letter . . . notify the defendant that it was in default?

A. Yes sir.

MR. MORRIS: We would offer into evidence, Your Honor, the document identified as Plaintiff's Exhibit 2.

No objection was interposed by defendant.

On cross-examination, defendant's counsel asked Young: "But it's your testimony that inside that envelope is a notice of default directed to the defendant corporation, Esquire Collections, is that correct?," to which the witness replied, "[T]hat's part of what's in it, the gas bill and so forth."

During the second day of trial, plaintiff requested the court's permission to share the contents of the unopened envelope with the jury. In overruling defense counsel's general objection thereto, the court stated: "The other one contains some matters that were covered in direct and cross, and we'll put Mr. Young back on the stand once this is passed to the jury and you may cross examine about this letter."

[1] Thus, defendant's objection was first raised only after Exhibit # 2 had been received into evidence. Moreover, there was no objection when Young was asked on direct whether by sending the certified letter he had "notif[ied] defendant that it was in default," prompting his affirmative response, or when Young similarly stated on cross-examination that the envelope contained notice of default and the gas bill. Therefore, at the time of defendant's objection to the admission of the envelope's contents, plaintiff had previously been permitted to testify about them without objection. Accordingly, defendant's objection was not raised in a timely manner, *see* N.C.R. App. P. 10(b)(1); N.C.R. Evid. 103(a)(1) (1992), and was thereby waived. *See State v. Hunt,*

223 N.C. 173, 176, 25 S.E.2d 598, 600 (1943) ("An objection to testimony not taken in apt time is waived.") (citation omitted). *See also* 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 19, at 79 (4th ed. 1993) ("An objection is timely only when made as soon as the potential objector has the opportunity to learn that the evidence is objectionable . . . . Unless prompt objection is made, the opponent will be held to have waived it."); *State v. Greene*, 324 N.C. 1, 12, 376 S.E.2d 430, 438 (1989) (defendant not entitled to complain on appeal about evidence elicited by his own counsel on cross-examination), *vacated and remanded for further consideration in light of McKoy v. North Carolina*, 494 U.S. 1022, 108 L. Ed.2d 603 (1990). As defendant's objection has not been properly preserved for our review, we need not address directly the merits of its contention the court erred in admitting the contents of the certified letter.

[2] Were defendant's assignment of error properly before us, we briefly note the lease itself states that the obligatory notice is provided if given "in writing addressed to the respective party to this lease at the address set forth herein and deposited in the mail with postage prepaid . . . ." By the very terms of the lease, therefore, notification is accomplished once an appropriate writing is addressed and deposited in the mail as specified; neither receipt nor proof of receipt are required. Young's testimony without objection established that plaintiff gave notice of default to defendant in the manner designated in the lease; the exhibit and its contents were corroborative of that testimony.

Moreover, defendant's general objection to the introduction of Exhibit # 2 and its contents failed to alert either the trial court or this Court to the specific grounds contended for exclusion of the evidence. *See* N.C.R. App. P. 10(b)(1); *see also* Broun, *supra*, at 83. A general objection, if overruled, typically does not entitle a party to appellate review thereof unless there is no possible purpose for which the proffered evidence could have been admissible. *State v. Ward*, 301 N.C. 469, 477, 272 S.E.2d 84, 89 (1980). As the exhibit and contents corroborated the testimony of plaintiff's president, defendant's general objection was ineffectual for purposes of our review.

II.

[3] Defendant next assigns as error the court's failure to instruct the jury on breach of the covenant of quiet enjoyment. Defendant's argument on this issue is unfounded.

In charging the jury in a civil case, the duty of the trial court is to "declare and explain the law arising in the evidence." *In re Cooley*, 66 N.C. App. 411, 416, 311 S.E.2d 613, 616 (1984). Concerning requested instructions:

> If a party contends that certain acts or omissions constitute a claim for relief or a defense against the other party, the trial court must submit the issue if there is evidence which, when viewed in the light most favorable to the proponent, will support a reasonable inference of each essential element of the claim or defense asserted.

*Watson v. White*, 60 N.C. App. 106, 109, 298 S.E.2d 174, 176 (1982) (citation omitted), *rev'd on other grounds*, 309 N.C. 498, 308 S.E.2d 268 (1983).

In answers to both complaints, defendant denied breach of the lease in question and alleged several counterclaims upon theories of, *inter alia*, trespass by plaintiff upon defendant's right to possession of the premises, improper attachment of the premises leading to wrongful eviction of defendant, and unfair and deceptive trade practices. However, defendant asserted no claim based upon breach of the lease agreement. Each of defendant's counterclaims was dismissed at trial pursuant to plaintiff's motion for directed verdict. As plaintiff correctly points out, defendant has not assigned as error the dismissal of its counterclaims.

While the requested instruction may have been appropriate had defendant presented a claim for breach of lease or for constructive eviction, *see Marina Food Assoc., Inc. v. Marina Restaurant, Inc.*, 100 N.C. App. 82, 89, 92-93, 394 S.E.2d 824, 828-29, 830-31, *disc. review denied*, 327 N.C. 636, 399 S.E.2d 328 (1990), or had its counterclaims survived plaintiff's motion for directed verdict, the instruction was not relevant to those issues which were submitted to the jury— specifically, existence of the lease contract, defendant's breach thereof, and damages. Accordingly, the trial court properly declined to instruct the jury with respect to an alleged breach by plaintiff of the covenant of quiet enjoyment.

## III.

[4] By its third and final assignment of error, defendant argues the attachments procured by plaintiff were improperly executed and consequently should have been discharged upon his motion and the bonds posted thereon dissolved. This contention fails.

Defendant insists improper or insufficient returns were made by the sheriff upon execution of the orders of attachment. Specifically, defendant maintains there was not adequate compliance with N.C. Gen. Stat. § 1-440.16 (1983), which provides:

> (a) After the sheriff has executed an order of attachment, he shall promptly make a written return showing all property levied upon by him and the date of such levy. *In such return, he shall describe the property levied upon in sufficient detail to identify the property clearly.*

(Emphasis added). According to defendant, the italicized portion of the statute obligates the sheriff to create an "inventory" of all property upon which he levies. Defendant misapprehends the purport of the statute.

In the case *sub judice*, the sheriff's first return described the property levied on as being "Esquire Collections, Shop + Contents"; the second return listed the property levied on as "Close Esquire Collections Ltd a fforeign [sic] operation." Defendant asserts these returns fail to describe the property with adequate specificity— "neither return even locates the property seized or where held, much less lists the actual items, even by broad category." This failure, the argument continues, rendered the levies void. However, defendant is unable to offer any authority in support of its suggestion a more detailed inventory must be provided; instead, it asks us to analogize the requirements for a levy on personal property (as here) to levies on corporate stock, goods in a warehouse and real property, and to the issuance of search warrants. In the absence of any case law supporting such a position, we decline to adopt defendant's interpretation of the amount of detail required in a return upon attachment.

First, although "descri[ptions] [of] the property levied" set out by the sheriff in the returns herein were arguably minimal, they nonetheless complied with the statutory obligation to provide "sufficient detail to identify the property clearly." We agree with plaintiff's characterization of the returns as "adequately identif[ying] the name of a particular, unique, commercial establishment in the small mountain town of Highlands, and indicat[ing] that the entire contents of the establishment were being seized."

Second, extending defendant's analysis to its logical conclusion of mandating a *complete* inventory of all goods in a retail store would result in a process so time-consuming as to defeat the purpose under-

lying the statutory remedy of attachment. Rather than undertake to draw a red line delineating where between two extremes (one being no description of the property seized, the other being a complete inventory) the desired amount of detail falls, we hold the adequacy of a sheriff's return upon attachment should be decided on a case-by-case basis. All attendant circumstances should be considered, with an eye towards whether the property has been identified clearly.

Moreover, with respect to both attachment orders, defendant promptly posted bond, enabling it to re-enter and repossess the premises. Each bond signed by defendant's president contained the following language:

> The sheriff . . . pursuant to an order of attachment directed to him in this case, *has seized and levied on certain property of the defendant the value of which is indicated below*; and, an order has been entered by the court ordering the discharge of the attachment upon the defendant giving bond in accordance with the order;

> The defendant as principal and the surety named below, acknowledge themselves bound to the plaintiff in the amount set out below. *The condition of this bond is that if judgment is rendered against the defendant, the defendant will pay to the plaintiff the amount of the judgment* and all costs that the defendant may be ordered to pay.

(Emphasis added).

[5] While our courts have not spoken to the issue in many years, we have traditionally adhered to the principle that posting a bond to release property from attachment estops a defendant from thereafter challenging any *procedural* defects in the process. As our Supreme Court reasoned nearly one hundred years ago:

> [We must now reach a decision] as to the validity of the levy and seizure by the sheriff of the goods of the defendant Folb under the warrants of attachment. The defendant Taylor, the assignee, with sureties, executed to the sheriff a bond for the delivery of the goods, should the plaintiffs recover judgment in the action against Taylor, the assignee of Folb, *and in that paper-writing they recited the fact that the sheriff had made seizure and levy of the goods. The defendants are estopped to deny the sufficiency and validity of the seizure of the goods and levy of the attachments.*

*Pearre v. Folb*, 123 N.C. 239, 243, 31 S.E. 475, 476 (1898) (emphasis added) (citation omitted); *see also Martin v. McBryde*, 182 N.C. 175, 184-86, 108 S.E. 739, 743-44 (1921). Stated otherwise:

> Where a bond to release or dissolve an attachment is given under a statute requiring an unconditional promise to perform the final judgment of the court [as here], it is generally held that the defendant is estopped to raise any question as to the regularity of the attachment proceedings.

6 Am. Jur. 2d *Attachment and Garnishment* § 329, at 793 (1964). Defendant is therefore estopped from challenging any *procedural* irregularity which it claims occurred during execution, including any alleged insufficiency of the sheriff's returns. Although this rule is inapplicable to challenges questioning the validity of attachment orders (for example, because of improper grounds alleged in support of issuance), *see Bizzell v. Mitchell*, 195 N.C. 484, 488-91, 142 S.E. 706, 709-10 (1928), defendant has made no such argument before us.

**[6]** Finally, we note with approval the following language from our Supreme Court: "Where, in a proceeding of attachment, it appears from the whole record that the provisions of the statute have been substantially complied with, the action will not be dismissed nor the attachment dissolved." *Page v. McDonald*, 159 N.C. 38, 41, 74 S.E. 642, 643 (1912) (citations omitted); *see also Connolly v. Sharpe*, 49 N.C. App. 152, 154, 270 S.E.2d 564, 566 (1980) ("substantial compliance with the statutory requirements will suffice") (citation omitted). Plaintiff herein has substantially complied with the mandate of G.S. § 1-440.16(a).

Based on the foregoing, we find no error in the proceedings below.

No error.

Judges WELLS and McCRODDEN concur.

Judge Wells concurred prior to 30 June 1994.