### DEWEY CROWE v. STANLEY SAM CROWE.

(Filed 6 March 1963.)

**1. Automobiles § 41a—**
    Evidence that while defendant was attempting to negotiate a left curve at some 40 to 50 miles per hour his right front tire suddenly blew out, causing him to lose control and resulting in injury to his passenger, without evidence that there were special speed restrictions at the *locus,* *held* insufficient to overrule nonsuit, since the blowout was not reasonably foreseeable under the circumstances, and therefore the injuries resulted from an unavoidable accident.

**2. Negligence § 7—**
    Foreseeability of injury is an essential element of proximate cause.

**3. Negligence § 3;    Automobiles § 19—**
    The fact that a motorist, in an emergency caused by the blowout of a tire, suddenly applies his brakes will not be held for negligence since a person acting in a sudden emergency is not required to select the wisest

choice of conduct but only such choice as an ordinarily prudent person, similarly situated, would have made.

APPEAL by plaintiff from *Pless, J.,* October 1962 Term of GASTON. Action to recover damages for personal injuries.

From a judgment of compulsory nonsuit entered at the close of plaintiff's evidence, he appeals.

*Henry M. Whitesides for plaintiff appellant.*
*Mullen, Holland & Cooke by Philip V. Harrell for defendant appellee.*

PER CURIAM. Plaintiff offered evidence as follows:

About 10:00 o'clock a.m. on 30 April 1961 plaintiff was riding as a passenger in a Ford station wagon owned and driven by his son, the defendant, on what is known as the Hudson Prison Camp Road in Caldwell County. This is a hard-surfaced road. After defendant passed the prison camp there were two curves in the road ahead of him—one to the right, "then 200 to 225 straight," and then a sharp curve to the left. At this place in the road there is a white line in the center of the road and yellow lines on both sides of the white line nearly all of the way. Defendant was driving at a speed of 40 to 50 miles an hour in the middle of the road in the vicinity of the curves. After he got out of the first curve to the right, plaintiff told him he had better slow down because the next curve was a sharp curve. When defendant started into the left curve, he was driving 40 to 50 miles an hour in the center of the road. Suddenly his right front tire blew out. He "throwed on" his brakes, and the station wagon started skidding, and skidded about 30 feet into a ditch and into a bank, where it came to rest. Plaintiff was thrown into the dashboard, ended up on the floorboard, and sustained injuries.

There is no evidence that the tires on the station wagon were worn or slick or old. Plaintiff testified, "he [defendant] usually kept good tires on his car."

Plaintiff testified, "there is a 35 mile per hour speed sign where you turn onto Hudson Prison Camp Road from U. S. Highway #321." That is a considerable distance from where the accident occurred. His son-in-law, J. D. Buchanan, a witness for him, testified, "there are not any speed signs on Hudson Prison Camp Road near the accident."

It is manifest that the sole proximate cause of plaintiff's injuries was the sudden blowout of the right front tire on defendant's station wagon. There is nothing in the evidence tending to show that defendant, or any person of ordinary prudence, could have reasonably fore-

seen that the right front tire on his station wagon would suddenly blow out under the facts as they then and there existed. "Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted." *Osborne v. Coal Co.,* 207 N.C. 545, 177 S.E. 796.

Plaintiff was injured in an unfortunate accident, but it was an accident pure and simple. While defendant in "throwing on" his brakes may not have pursued the safest course or acted with the best judgment or the wisest prudence, in the light of what occurred, still it is not thought that this should be imputed to him for negligence, because with a tire blowout on his front wheel as he was entering a curve in the road, he was faced with an emergency which required instant action without opportunity for reflection or deliberation. Some allowance must be made for the excitement of the moment and strain on the nerves. *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562; *Patterson v. Ritchie,* 202 N.C. 725, 164 S.E. 117. "One who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made." *Ingle v. Cassady, supra.*

Plaintiff's evidence, considered in the light most favorable to him, and giving to him the benefit of every legitimate inference to be drawn therefrom, fails to show any negligence on defendant's part which was a proximate cause of his injuries.

The judgment of compulsory nonsuit below is

Affirmed.