JOAN S. HINSON v. DOYLE BROWN AND COLEEN B. BROWN

No. 8517SC1072

(Filed 20 May 1986)

1. **Trial § 3.2— defendant too nervous to represent self—denial of continuance proper**
   The trial court did not abuse its discretion in denying defendant's motion to continue made during plaintiff's case in chief on the ground that defendant was too nervous to represent himself, since the court had previously granted two continuances to allow defendant to retain new counsel but defendant had failed to do so.

2. **Trial § 9.1— questions and comments by court—no error**
   Questions and comments by the trial court concerning defendants' self-representation and one defendant's absence from the trial after his emotional outburst were not prejudicial to defendants but instead insured that the jurors' attention would not be diverted from the issues before them.

3. **Automobiles § 23.1— defective brakes—failure to plead**
   In an action to recover for injuries sustained in an automobile accident, the trial court did not err in excluding defendants' evidence of defective brakes, since defendants did not plead that defense in their answer; moreover, defendants failed to show prejudice where they did not show the essential content of the excluded evidence.

APPEAL by defendant from *Walker, Russell G., Jr., Judge.* Judgment entered 2 May 1985 in Superior Court, SURRY County. Heard in the Court of Appeals 5 March 1986.

On 14 October 1983, plaintiff, Joan Hinson, and defendant Coleen Brown were involved in a two automobile collision. Defendant, Coleen Brown, was driving a 1979 Cadillac automobile owned by her husband, defendant Doyle Brown. The automobile accident occurred near the intersection of U.S. Primary Route 21 in Iredell County, North Carolina and Rural Paved Secondary Road No. 1833. On 30 November 1983 in Iredell District Court, defendant Coleen Brown entered a plea of no contest to failure to stop at a stop sign.

On 28 March 1984, plaintiff filed her complaint against defendants alleging, *inter alia*, that defendant Coleen Brown failed to stop at a stop sign and collided with plaintiff's vehicle causing plaintiff severe bodily injuries. Plaintiff sought to recover no less than $100,000.00 as damages. On 1 June 1984, defendants answered plaintiff's complaint and denied all pertinent allegations therein. On 10 January 1985, Attorney J. Reed Johnston, Jr. filed a motion to withdraw as counsel of record for defendants. The basis for said motion was, *inter alia*, that defendant Doyle Brown consistently failed and refused to cooperate with Attorney Johnston; that Lumbermen's Mutual Casualty Company paid to plaintiff, as an advance payment, of $25,000.00 (total of insurance policy limits available to pay the claim of plaintiff) and advised Attorney Johnston that it was terminating the defense of defendants. Attorney Johnston also requested that the court grant defendants a motion for a continuance, which Attorney Johnston filed contemporaneously with the motion to withdraw. On 16 January 1985, the court granted the motion to withdraw and the motion for a continuance. The court's order contemplated the transfer of all the file material pertinent to this case in the possession of Attorney Johnston to defendants' new counsel.

At the 22 April 1985 calendar call for this case, defendants appeared, without counsel, and announced they were ready to proceed. A trial date was set for 29 April 1985. During an extensive pre-trial conference on 29 April 1985, Judge Walker ruled that due to defendants' answer denying that the brake system was subject to sudden failure, defendants would not be allowed to defend the case on the basis of a defect in the braking system. The court further stated for the record "that at the conference this morning, Mr. Brown indicated that the purpose of his defense of this lawsuit, was to show to the world that General Motors had

marketed an automobile line that had an inherent dangerous defect in its braking system. . . ."

After the trial commenced, defendant Doyle Brown, represented to the court that he felt ill and would retain counsel if he was granted a postponement. The court denied defendant's request. At one point during the trial, defendant Doyle Brown displayed such emotion that the court examined all twelve (12) jurors to determine if there was any prejudicial effect. The court adjourned early so that defendant could seek medical consultation. The next day, defendant Doyle Brown did not appear in court. Defendant Coleen Brown tendered to the court a note purporting to be from a doctor. The court made further inquiry because the signature on the note appeared different from the handwriting appearing on the prescription pad. Judge Walker telephoned the number shown on the prescription whereupon a Dr. Robertson informed him that he had seen defendant and was familiar with the note, but admitted that no physical examination was conducted on defendant Doyle Brown. Judge Walker was not satisfied with the documentation tendered to the court and decided that the case should proceed in the absence of defendant Doyle Brown. Judge Walker advised defendant Coleen Brown of her rights pertaining to this lawsuit. The case was submitted to the jury. The jury found that plaintiff was injured and was entitled to a judgment of $45,000.00 for her injuries. Defendants appeal.

*Joseph W. Freeman, Jr., for plaintiff appellee.*

*White & Crumpler, by Fred G. Crumpler, Jr., and Robin J. Stinson, for defendant appellants.*

JOHNSON, Judge.

[1] Defendants first argue that defendant Doyle Brown made a motion to continue and the court's denial of said motion was a constructive denial of representation. "Granting or denying a motion for continuance rests in the sound discretion of the presiding judge and his decision will not be disturbed on appeal, except for abuse of discretion or a showing the defendant has been deprived of a fair trial." *State v. Ipock,* 242 N.C. 119, 120-21, 86 S.E. 2d 798, 800 (1955). The court denied defendants' request for a "postponement" during trial. However, we note that the court had previously granted two continuances, with consent of plaintiff's counsel, to

allow defendants time to seek new counsel. In the middle of plaintiff's case in chief defendants asserted that defendant Doyle Brown was too nervous to represent himself. We think the following statement by the court to defendant Doyle Brown adequately states the court's basis for denying defendants' request for a "postponement":

> The Court: Mr. Brown, you gave me an assurance in January that you were going to get a lawyer and from what you told me in Chambers today, you spent the last 3 months, for lack of a better word, chasing rabbits about this case and not doing what you were supposed to do, and taking advice from people on the telephone in Washington about whether to get a lawyer or not and have done absolutely the reverse of what you were told to do and what you should have known in the exercise of common sense was absolutely necessary for you to protect your rights in this case.

(T. p. 93). Defendant Doyle Brown's response to the court was "If you postpone it, Your Honor, I will get counsel." We find no abuse of discretion by the court. Defendants' first Assignment of Error is without merit.

[2] Defendants next argue that the trial court abused its discretion and went beyond the scope of judicial impartiality in judicial comments concerning defendants' self-representation and defendant Doyle Brown's absence from trial. We disagree.

It is well settled that a new trial is warranted when the trial judge makes any remark in the presence of the jury that tends to prejudice the jury against the unsuccessful party. *E.g., Beacon Homes Inc. v. Holt*, 266 N.C. 467, 146 S.E. 2d 434 (1966). However, "judges are not merely mute observers of the legal drama before them. They are the most important participants in the search for truth." *Colonial Pipeline Co. v. Weaver*, 310 N.C. 93, 103, 310 S.E. 2d 338, 344 (1984). In *Colonial, supra*, the Court stated that the primary consideration to determine if there is prejudicial error is as follows:

> Because the trial judge occupies an exalted station, jurors entertain great respect for his opinion and can be easily influenced by a suggestion coming from him. In such cases as this, therefore, where it must be determined whether a par-

ty's right to a fair trial has been impaired by remarks made by the trial judge, the probable effect upon the jury and not the motive of the judge is determinative.

*Colonial, supra,* at 103, 310 S.E. 2d at 344. The burden of establishing that a trial judge's remarks were prejudicial is on the appellant. *Kanoy v. Hinshaw,* 273 N.C. 418, 160 S.E. 2d 296 (1968). Under the circumstances of the instant case we consider Judge Walker's questions asked of the jury non-prejudicial. *See State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9 (1951). Judge Walker acted in defendants' best interest to assure that an impartial jury would decide the issues of the case. The jury had been exposed to an emotional outburst by defendant Doyle Brown. Judge Walker, without objection by defendants, exercised his discretion in a skillful and patient manner so as to assure that defendant's previous actions and his absence for the remainder of the trial would not divert the individual jury member's attention from the issues before them. Nothing in the record indicates that the trial court's examination of the jury was prejudicial to defendants. Accordingly, we find no error.

[3] Defendants' final argument is that defendants' motion that the evidence offered by defendants of defective brakes, which was not pled in their answer, was improperly ruled on by the trial court as inadmissible. We disagree.

When a trial court excludes evidence it is incumbent upon the proponent to include in the record what the essential content of the excluded evidence was in order for an appellate court to determine if exclusion of that evidence was error. *Currence v. Hardin,* 296 N.C. 95, 249 S.E. 2d 387 (1978). Rule 8(b), N.C. Rules Civ. P. requires that in a defendant's answer "[d]enials shall fairly meet the substance of the averments denied." Rule 8(c), N.C. Rules Civ. P. requires that "[i]n pleading to a preceding pleading a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense."

During the pre-trial conference the trial court ruled in limine that evidence of defective brakes would not be allowed due to defendants' failure to aver such a defense in their answer. Defendants contend that (1) the doctrine of sudden emergency is not one of the twenty-one (21) enumerated defenses in Rule 8(c), N.C. Rules Civ. P., which are to be affirmatively pleaded, and (2) in

the alternative, defendants should have been allowed to amend their answer to include sudden emergency as a defense.

Defendants failed to meet the requirement of Rule 8(c), N.C. Rules Civ. P. in that they failed to set forth affirmatively sudden emergency as an avoidance or affirmative defense. A motion to amend an answer is addressed to the sound discretion of the trial judge and the trial court has broad discretion in permitting or denying amendments. *Markham v. Johnson*, 15 N.C. App. 139, 189 S.E. 2d 588, *cert. denied*, 281 N.C. 758, 191 S.E. 2d 356 (1972). After reviewing the record herein we find that the trial court did not abuse its discretion. Moreover, there was no offer of proof by defendants to show the essential content of the excluded evidence. The only indication we have of the import of the excluded evidence was the trial court's statement for the record that "at the conference this morning, Mr. Brown indicated that the purpose of his defense of this lawsuit, was to show to the world that General Motors had marketed an automobile line that had an inherent dangerous defect in its braking system. . . ." We find no error in the trial court's ruling that evidence of defective brakes was inadmissible. In conclusion, we note that from the time of withdrawal of defendants' counsel, the trial court and plaintiff's counsel afforded defendants ample opportunity to secure legal counsel.

No error.

Judges BECTON and MARTIN concur.