MELVIN RAY ALLEN v. TERRI KNOPF PULLEN v. LOWE'S PLUMBING COMPANY, INC.

No. 8618SC134

(Filed 15 July 1986)

**Automobiles and Other Vehicles § 88— colliding with tractor-sweeper—reduced visibility from dust—contributory negligence**

Although the evidence would permit the jury to find that defendant was contributorily negligent in failing to stop when confronted with reduced visibility resulting from dust created by a tractor-sweeper operated by plaintiff at a construction site, in driving at a speed greater than reasonable and prudent under the circumstances, and in failing to keep a proper lookout, the evidence failed to establish contributory negligence by defendant as a matter of law in colliding with the tractor-sweeper where it tended to show that the dust did not at first appear to defendant to be any thicker than dust which she had seen created by other automobiles passing through the construction area; defendant knew that another motorist had just driven through the construction area; defendant knew that flagmen were posted when work was in progress and that work had usually ceased by the time she drove through the area in the afternoon, but there were no flagmen on the occasion of the accident to

indicate that work was still in progress; defendant decreased her speed from the time she first observed the dust until she reached it; and when defendant became aware that the dust was thicker than she at first had thought, the collision occurred before she could apply her brakes.

APPEAL by defendant from *Collier, Judge.* Judgment entered 26 August 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 4 June 1986.

On 15 June 1984, a tractor-sweeper operated by plaintiff, Melvin Ray Allen, and owned by his employer, Lowe's Plumbing Company, Inc. (Lowe's), was involved in a collision with an automobile driven by defendant, Terri Knopf Pullen. The accident occurred at a construction site where Lowe's was installing a sewer line along the southern edge of Brown Street Extension in Davidson County, just outside Lexington, N. C. Both Melvin Ray Allen and Terri Knopf Pullen sustained personal injuries.

On 26 July 1984, Melvin Ray Allen brought this action for damages against defendant, alleging that she had been negligent, in specified particulars, in the operation of her automobile and that her negligence was a proximate cause of the collision and of his injuries. In her answer, defendant denied negligence on her part and asserted a counterclaim against plaintiff and a third party complaint against Lowe's, alleging that she had been injured by their negligence and seeking damages. Lowe's filed answer, denying defendant's allegations and asserting a counterclaim against her for damages to its tractor-sweeper.

At the close of defendant's evidence, and at the close of all of the evidence, plaintiff, Melvin Ray Allen, and the third party defendant, Lowe's, each moved for a directed verdict, pursuant to G.S. 1A-1, Rule 50(a), in his or its favor on defendant's counterclaim and third party claim. The motions were denied. The following issues were submitted to the jury and answered as indicated:

1. Was the plaintiff, Melvin Ray Allen, injured by the negligence of the defendant, Terri Knopf Pullen?

ANSWER: No

2. Did the plaintiff, Melvin Ray Allen, by his own negligence, contribute to his injury?

ANSWER: _____

3. Did the defendant, Terri Knopf Pullen, have the last clear chance to avoid the plaintiff, Melvin Ray Allen's, injury?

ANSWER: ____

4. What amount, if any, is the plaintiff, Melvin Ray Allen, entitled to recover for personal injury?

ANSWER: $____

5. Was the defendant, Terry Knopf Pullen, injured by the negligence of the plaintiff, Melvin Ray Allen?

ANSWER: Yes

6. Was the defendant, Terri Knopf Pullen, injured by the negligence of the third-party defendant, Lowe's Plumbing Company, Incorporated?

ANSWER: Yes

7. What amount, if any, is the defendant, Terri Knopf Pullen, entitled to recover for personal injuries?

ANSWER: $280,000.00

8. Did the negligence of Lowe's Plumbing Company, Incorporated, join and concur with the negligence of the defendant, Terri Knopf Pullen?

ANSWER: ____

9. What amount, if any, is the third-party defendant, Lowe's Plumbing Company, Incorporated, entitled to recover for property damage?

ANSWER: $____

Both plaintiff and Lowe's moved, pursuant to G.S. 1A-1, Rule 50(b), for judgment notwithstanding the verdict and, alternatively, for a new trial. The trial court set aside the jury's verdict as to the first issue and entered judgment notwithstanding the verdict, finding that defendant was contributorily negligent as a matter of law with respect to her counterclaim against plaintiff and her third party claim against Lowe's. The jury's verdict finding negligence on the part of plaintiff and on the part of Lowe's was

not disturbed. The motion for a new trial was denied, and judgment was entered dismissing all claims with prejudice. Only defendant, Terri Knopf Pullen appeals.

*Smith, Helms, Mulliss & Moore, by Peter J. Covington and Rolly L. Chambers; and Schoch, Schoch and Schoch, by Arch Schoch, Jr., for plaintiff and third party defendant-appellees.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and Tyrus V. Dahl, Jr.; and Wyatt, Early, Harris, Wheeler & Hauser, by Frank B. Wyatt, for defendant and third party plaintiff-appellant.*

MARTIN, Judge.

The sole issue on appeal is whether the trial court erred when it granted judgment notwithstanding the verdict in favor of plaintiff and Lowe's, finding, as a matter of law, that defendant's counterclaim and third party claim were barred by her contributory negligence. For the reasons which follow, we reverse.

A motion for judgment notwithstanding the verdict, made pursuant to G.S. 1A-1, Rule 50(b), is a request that judgment be entered in accordance with the movant's previous motion for a directed verdict, despite the contrary verdict of the jury. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). Hence, the same rules by which the sufficiency of the evidence is tested upon motion for a directed verdict pursuant to G.S. 1A-1, Rule 50(a), apply to the determination of a motion for judgment notwithstanding the verdict. *Id.* All of the evidence which supports the non-movant's claim must be viewed as true and must be considered in the light most favorable to the non-movant, giving that party the benefit of all reasonable inferences which may be legitimately drawn from the evidence and resolving all conflicts and inconsistencies in the non-movant's favor. *Bryant v. Nationwide Mutual Fire Ins. Co.*, 313 N.C. 362, 329 S.E. 2d 333 (1985). The motion may be granted only when the evidence, when so considered, is insufficient as a matter of law to support a verdict for the non-movant. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

It is well established that a claim will be barred by the doctrine of contributory negligence when a claimant fails to exercise ordinary care for his or her own safety, and such failure, concur-

ring with the actionable negligence of the other party, against whom the claim is made, contributes to the claimant's injury. *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E. 2d 504 (1980). The existence of contributory negligence does not depend on the claimant's subjective appreciation of the hazard; the standard of ordinary care is an objective one — "the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." *Id.* at 673, 268 S.E. 2d at 507 (quoting *Clark v. Roberts*, 263 N.C. 336, 343, 139 S.E. 2d 593, 597 (1965). Where, as in the present case, a motion for judgment notwithstanding the verdict is grounded upon the claimant's contributory negligence as a matter of law

> The question before the trial court is whether 'the evidence taken in the light most favorable to [the claimant] establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from [claimant's] evidence must be resolved by the jury rather than the trial judge.' [Citations omitted.]

*Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468-9, 279 S.E. 2d 559, 563 (1981). Thus, the pivotal question is whether the evidence, when viewed in the light most favorable to Mrs. Pullen, permits no other reasonable inference except that she failed to exercise such care for her own safety as a reasonably careful and prudent person would have used under similar circumstances.

The evidence, so viewed, tended to show that for approximately a month prior to 15 June 1984, Lowe's Plumbing Co., Inc. had been engaged in constructing a sewer main along the south side of Brown Street Extension. Plaintiff, Melvin Ray Allen, was employed by Lowe's as foreman. The work required that a ditch be dug parallel to the roadway approximately four feet from the edge of the pavement. The dirt from the ditch was piled on the pavement in the eastbound lane of the road. As the pipe was laid, the dirt would be pushed back into the ditch. Due to this work, the eastbound lane in the vicinity of the work was closed during the day, and signs and flagmen were posted at each end of the project. At the end of each workday, the dirt remaining on the roadway was swept off the road with a tractor-sweeper. Because the sweeping operation involved both lanes of travel and created

thick dust, the flagmen were supposed to stop all traffic approaching the site from either direction until the sweeping was completed and the dust had cleared sufficiently to permit visibility.

Defendant, Terri Knopf Pullen, was employed at Henry Link Furniture Company and traveled on Brown Street Extension daily on her way to and from her work. She was aware of the construction and had observed flagmen at the project. She also testified that when she had driven through the area, and had followed other vehicles through the area, she had observed that the vehicles would create clouds of dust. When she left work at approximately 5 o'clock each afternoon, the construction work had usually been completed for the day, and she had never seen the tractor-sweeper in operation.

On 15 June 1984, Mrs. Pullen left work at 5:00 p.m. to go to a day care center to pick up her son. Luann Smith, a co-worker who was also going to the day care center, drove out of the parking lot "a little bit ahead" of defendant. When defendant reached Brown Street Extension, she could no longer see Luann Smith's car due to a curve in the road. After a short distance she saw a sign indicating "Flagman Ahead." As she rounded the curve, traveling forty to forty-five miles per hour, she saw a large cloud of dust approximately 1,500 feet ahead of her in the vicinity of the construction site. She took her foot off the accelerator and reduced her speed. She testified that she saw no flagman and thought, therefore, that there was no danger and that the dust had been created by Luann Smith's car. In actuality, the dust cloud had been created by plaintiff's operation of the tractor-sweeper, clearing away the dirt which had accumulated on the roadway during the day's construction. Plaintiff was in the eastbound lane, the same lane in which defendant was traveling, and had created a cloud of dust behind the tractor-sweeper sufficiently thick that he was able to see only about 15 feet behind him. There was no flagman stopping eastbound traffic during the sweeping operation.

Defendant testified that as she approached the dust cloud, it was moving towards her "like a wall." When she entered it, "it was light, and then, instantly, it was just real thick." She was in the dust "a fraction of a second" before the collision; she did not

have her foot on the accelerator, but had no time to apply her brakes. She did not see the tractor until the instant she collided with it.

Plaintiff and Lowe's contend that Mrs. Pullen was contributorily negligent as a matter of law by failing to stop when confronted with the reduced visibility resulting from the dust created by the sweeper, by driving at a speed greater than reasonable and prudent under the circumstances, and by failing to keep a proper lookout. While we agree that the evidence permits reasonable inferences to be drawn that she was negligent in each of these respects, these are not the only inferences which may be drawn from the evidence.

The evidence with respect to Mrs. Pullen's speed was conflicting, but considered most favorably to her permits the inference that she decreased speed from the time she first observed the dust until she reached it. Her testimony was that she coasted, and upon first realizing how thick the dust had become, she "went to apply on brakes," but struck the tractor-sweeper before she could do so. Her failure to stop her vehicle within the range of her vision is not contributory negligence *per se*, G.S. 20-141(n), and under the circumstances of this case where her vision was suddenly obscured, the question of her speed was properly one for the jury.

The question of whether a motorist is contributorily negligent as a matter of law by proceeding when his or her vision becomes obscured by conditions on the highway has been addressed by our appellate courts on several occasions, with mixed results. *See White v. Mote*, 270 N.C. 544, 155 S.E. 2d 75 (1967) (motorist proceeded into fog created by insecticide fogging machine and collided with rear of the fogging truck; held not contributorily negligent as a matter of law); *Bradham v. McLean Trucking Co.*, 243 N.C. 708, 91 S.E. 2d 891 (1956) (motorist proceeding in fog created by health department truck spraying DDT, turned in front of oncoming tractor-trailer; held contributorily negligent as a matter of law); *Dawson v. Seashore Transportation Co., Inc.*, 230 N.C. 36, 51 S.E. 2d 921 (1949) (motorist proceeding into dense fog and smoke, reduced speed and struck defendant's unlighted bus; held not contributorily negligent as a matter of law); *Riggs v. Gulf Oil Corp.*, 228 N.C. 774, 47 S.E. 2d 254 (1948)

(motorist proceeding in dark and fog at 25 miles per hour struck unlighted truck parked on highway; held contributorily negligent as a matter of law); *Sibbitt v. R. & W. Transit Co.*, 220 N.C. 702, 18 S.E. 2d 203 (1942) (motorist proceeded through blankets of smoke on highway at night, struck unlighted truck on highway; held contributorily negligent as a matter of law); *Clark v. Moore*, 65 N.C. App. 609, 309 S.E. 2d 579 (1983) (motorist blinded by sun struck truck which had been abandoned on highway; held not contributorily negligent as a matter of law); *Doggett v. Welborn*, 18 N.C. App. 105, 196 S.E. 2d 36, *cert. denied*, 283 N.C. 665, 197 S.E. 2d 873 (1973) (motorist proceeded into "smoke bank" at reduced speed and struck vehicle which she knew had preceded her into the smoke; held contributorily negligent as a matter of law). It is apparent from these varied decisions that there is no absolute universal rule which may be applied; the conduct of each motorist must be evaluated in the light of the unique factors and circumstances with which he or she is confronted. Only in the clearest cases should a failure to stop completely be held to be negligence as a matter of law.

In the present case, Mrs. Pullen was confronted with dust, which at first did not appear to her to be any thicker than dust which she had seen created by other automobiles passing through the construction area, and she knew that Luann Smith had just driven through the construction area. She knew that flagmen were posted when work was in progress, and that work had usually ceased by the time she drove through the area in the afternoons. On this occasion there were no flagmen to indicate that work was still in progress. As she entered the dust, she became aware that it was thicker than she at first had thought; but before she could apply her brakes, the collision occurred. While a motorist has a duty to maintain a reasonable lookout and to anticipate the use of the highway by others, *White v. Mote, supra*, in the absence of anything which gives or should give notice to the contrary, one is not required to anticipate the negligence of others and is entitled to assume and to act on the assumption that others will exercise ordinary care for their own safety and the safety of others. *Norwood v. Sherwin-Williams Co., supra*. The evidence raises a question for the jury as to whether, given the circumstances confronting Mrs. Pullen, her conduct in proceeding into the dust in the manner described was a failure to

---

use ordinary care for her own safety. We hold that she was not contributorily negligent as a matter of law.

As permitted by G.S. 1A-1, Rule 50(c), plaintiff and Lowe's moved, alternatively to their motion for judgment notwithstanding the verdict, for a new trial. The motion for new trial was denied, and neither plaintiff nor Lowe's excepted to or brought forward as a cross-assignment of error the denial of the motion. The propriety of this ruling is therefore not before us. The verdict of the jury must be reinstated and judgment entered in accordance therewith. *See Snellings v. Roberts*, 12 N.C. App. 476, 183 S.E. 2d 872, *cert. denied*, 279 N.C. 727, 184 S.E. 2d 886 (1971).

The judgment notwithstanding the verdict entered by the trial court is reversed and this case is remanded to the Superior Court of Guilford County for reinstatement of the verdict and entry of judgment in accordance therewith.

Reversed.

Judges PHILLIPS and PARKER concur.