GILES v. SMITH

[112 N.C. App. 508 (1993)]

TONI GILES, GUARDIAN AD LITEM FOR CODA LAMAR GILES, PLAINTIFF v.
BERTHA SMITH, ADMINISTRATRIX OF THE ESTATE OF HAROLD SMITH,
DEFENDANT

TONI GILES, PLAINTIFF v. BERTHA SMITH, ADMINISTRATRIX OF THE ESTATE
OF HAROLD SMITH, DEFENDANT

SHIRLEY SMITH, PLAINTIFF v. BERTHA SMITH, ADMINISTRATRIX OF THE ESTATE
OF HAROLD SMITH, DEFENDANT

SHIRLEY SMITH, GUARDIAN AD LITEM FOR KUENETE SMITH, PLAINTIFF v.
BERTHA SMITH, ADMINISTRATRIX OF THE ESTATE OF HAROLD SMITH,
DEFENDANT

TONI GILES, GUARDIAN AD LITEM FOR COURTNEY SHAMAR GILES, PLAINTIFF
v. BERTHA SMITH, ADMINISTRATRIX OF THE ESTATE OF HAROLD SMITH,
DEFENDANT

No. 9213DC1064

(Filed 2 November 1993)

**Automobiles and Other Vehicles § 536 (NCI4th)— driver in-
capacitated by seizure—instruction on sudden emergency
error—unavoidable accident**

In an action to recover for personal injuries sustained
in an automobile accident where the evidence tended to show
that the driver of the vehicle suffered a seizure, "slumped
over" the wheel of the car, and then lost control of the vehicle,
the trial court erred in instructing the jury on the doctrine
of sudden emergency rather than the defense of unavoidable
accident.

**Am Jur 2d, Automobiles and Highway Traffic § 773.**

Appeal by defendant from order entered 26 June 1992 in Co-
lumbus County District Court by Judge Jerry A. Jolly. Heard
in the Court of Appeals 30 September 1993.

This action involves five separate lawsuits, commenced by plain-
tiffs on 6 August 1991 and consolidated for trial. Plaintiffs, passengers
in a car driven by Harold Smith, alleged that the personal injuries
they sustained when the car left the road and ran into a ditch
were caused by the negligence of Harold Smith. The only evidence

at trial was presented by plaintiff. The evidence tended to show that Smith was driving a car occupied by plaintiffs and that Smith slumped over and lost control of the car. At defendant's request, the trial court instructed the jury on the doctrine of sudden emergency. After the jury retired for deliberations, defendant moved, pursuant to N.C. Gen. Stat. § 1A-1, Rule 15(b), to amend her pleading to conform to the evidence to plead the doctrine of sudden emergency. The trial court denied defendant's motion. The jury returned verdicts in favor of defendant, and judgment for defendant was entered on those verdicts. Plaintiff moved to set aside the verdict and for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 and 60. The trial court granted plaintiffs' Rule 59 motion and ordered a new trial. Defendant appealed from that order.

*Marvin J. Tedder for plaintiffs-appellees.*

*Johnson & Lambeth, by Maynard M. Brown, for defendant-appellant.*

WELLS, Judge.

Pursuant to one of her assignments of error, defendant contends that the trial court erred in setting aside the judgment and ordering a new trial. Rule 59 provides in pertinent part:

(a) Grounds.— A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following grounds:

. . .

(8) Error in law occurring at the trial and objected to by the party making the motion.

N.C. Gen. Stat. § 1A-1, Rule 59 of the Rules of Civil Procedure.

The question presented by this assignment of error arose out of these somewhat unusual circumstances. At trial, two of the plaintiffs, Toni Giles and Shirley Smith, testified that they were passengers in a car being driven by defendant's intestate, Harold Smith. They were traveling on a rural road in Brunswick County when Smith ran off the road to the right, hit a parked car, returned to the road, and ran off the road again into a canal and sandpile. Plaintiffs and the other passengers were injured in the collision. On cross-examination by defendant, without objection by plaintiffs, both of these witnesses gave testimony tending to show that just

prior to running off the road, Harold Smith, the driver, appeared to suffer a seizure which caused him to "slump over" the steering wheel, become rigid, and lose control of the car.

At the charge conference, defendant requested an instruction on "sudden emergency," and, over plaintiffs' objection, the trial court gave such a charge. After the jury retired, defendant moved pursuant to Rule 15(b) to amend her pleadings to conform to the evidence to plead sudden emergency as an affirmative defense. The trial court denied that motion. After the jury returned verdicts for the defendant on the negligence issues and judgment was entered, plaintiffs moved for a new trial pursuant to Rule 59 on the grounds that the trial court had erred in charging on sudden emergency. The trial court subsequently entered the following order:

> THIS CAUSE coming to be heard, and being heard, upon the Plaintiffs' Motion timely made to the Court pursuant to Rule 7(b)(1) of the North Carolina Rules of Civil Procedure immediately following the return of the jury's verdict in the above causes during the June 8th, 1992, Session of Civil District Non-Jury Court for Columbus County, North Carolina, wherein said Plaintiffs, by and through counsel, moved the Court to set aside Judgment and for a new trial pursuant to Rules 59(a)(3)(8)(9) and 60(a)(b)(1) of the North Carolina Rules of Civil Procedure;
>
> AND IT APPEARING TO THE COURT that Plaintiffs' Motion made pursuant to Rule 59(a)(8) is meritorious in that an error of law had occurred during the trial of these matters whereby the jury was, over timely objections duly made the Plaintiffs, instructed as to the sudden emergency doctrine, when the same had not been plead as an affirmative defense in the Defendant's pleadings as required by Rule 8 of the North Carolina Rules of Civil Procedure;
>
> IT IS, THEREFORE, in the discretion of the Court, ORDERED that the verdict previously rendered be set aside, and a new trial granted in all cases as hereinabove entitled.
>
> IT IS SO ORDERED, this the 8th day of June, 1992.

The consideration of sudden emergency has been described as a convenient name for the effect which certain external forces can have on the determination of whether an individual has breached a duty of reasonable care. *Bolick v. Sunbird Airlines, Inc.*, 96 N.C.

App. 443, 386 S.E.2d 76 (1989), *aff'd*, 327 N.C. 464, 396 S.E.2d 323 (1990). Sudden emergency does not change or reduce the standard of reasonable care. It is simply òne of the factors to be considered in determining whether a person acted reasonably under the circumstances. *Id.* The sudden emergency doctrine permits the court to call to the attention of the jury that an emergency faced by the actor may influence its determination of whether specific conduct was reasonable under the circumstances. The doctrine of sudden emergency is not a legal defense which operates to bar an action. *Id.* But cf. *Hinson v. Brown*, 80 N.C. App. 661, 343 S.E.2d 284, *rev. denied*, 318 N.C. 282, 348 S.E.2d 138 (1986) (holding that sudden emergency is an affirmative defense which must be specifically plead). External forces that have been found to create sudden emergencies include: automobile crossing the center line, *Roberts v. Whitley*, 17 N.C. App. 554, 195 S.E.2d 62 (1973); a tire blowing out, *Ingle v. Cassady*, 208 N.C. 497, 181 S.E.2d 562 (1935), *Crowe v. Crowe*, 259 N.C. 55, 129 S.E.2d 585 (1963); a disabled vehicle partially blocking the road at night, *Foy v. Bremson*, 286 N.C. 108, 209 S.E.2d 439 (1974); and severe weather, such as dense fog, *Lawing v. Landis*, 256 N.C. 677, 124 S.E.2d 877 (1962), and severe rain, *Bolick, supra*. See generally, Charles E. Daye and Mark W. Morris, North Carolina Law of Torts § 16.40.4 (1991). But see Jeffrey F. Ghent, Annotation, *Modern Status of Sudden Emergency Doctrine*, 10 A.L.R. 5th 680 (1993), for a criticism of the rule.

The doctrine of sudden emergency should not be confused with the defense of "unavoidable accident." Prosser and Keeton define unavoidable accident as "an occurrence which was not intended and which, under all the circumstances, could not have been foreseen or prevented by the exercise of reasonable precautions." W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 29, at 162 (5th ed. 1984). An unavoidable accident "can only occur in the absence of causal negligence." *Brewer v. Majors*, 48 N.C. App. 202, 268 S.E.2d 229, *rev. denied*, 301 N.C. 400, 273 S.E.2d 445 (1980). Our courts have recognized and applied the term "unavoidable accident" to the following circumstances: a woman injured by a dog on a leash, *Hunnicutt v. Lundberg*, 94 N.C. App. 210, 379 S.E.2d 710 (1989); children darting into the street, *Dixon v. Lilly*, 257 N.C. 228, 125 S.E.2d 426 (1962); and defective brakes, *Indiana Lumbermen's Mutual v. Champion*, 80 N.C. App. 370, 343 S.E.2d 15 (1986). There is no liability in these cases because defend-

ant is simply not negligent. This Court has also recognized that sudden incapacitation caused by seizure can result in an unavoidable accident. In *Wallace v. Johnson*, 11 N.C. App. 703, 182 S.E.2d 193, *cert. denied*, 279 N.C. 397, 183 S.E.2d 247 (1971), this Court held that "the operator of a motor vehicle who becomes suddenly stricken by a fainting spell or other sudden and unforeseeable incapacitation, and is, by reason of such unforeseen disability, unable to control the vehicle, is not chargeable with negligence." *See also Smith v. Garrett*, 32 N.C. App. 108, 230 S.E.2d 775 (1977) (affirmative defense raised by evidence that defendant suffered a sudden seizure) and *Mobley v. Estate of Johnson*, 111 N.C. App. 422, 432 S.E.2d 425 (1993) (conflicts in evidence raised question of whether incapacitating stroke occurred before or as a result of automobile collision).

When the trial court instructs the jury on an issue not raised by the evidence, a new trial is required. See *Jacobs v. Locklear*, 310 N.C. 735, 314 S.E.2d 544 (1984). That is what occurred in this case, and, for that reason, we must affirm the trial court's order.

The order of the trial court granting a new trial is

Affirmed.

Judges LEWIS and MARTIN concur.