BENJAMIN L. COLVIN, Administrator of the Estate of MARGARET T. COLVIN, Deceased, and BENJAMIN L. COLVIN, Plaintiffs v. GLENN EDWARD BADGETT, Defendant and Third-Party Plaintiff v. WENDELL SANDERFORD McDONALD, Third-Party Defendant

No. COA94-1404

(Filed 21 November 1995)

**1. Automobiles and Other Vehicles § 765 (NCI4th)— sudden emergency—erroneous instruction**

In an action to recover for injuries sustained in an automobile accident, the trial court erred in instructing on the doctrine of sudden emergency where defendant saw his sister-in-law's disabled truck on the side of the road and felt fear and apprehension, but that did not give rise to a situation where he had to act instantly to avoid injury to himself or another.

**Am Jur 2d, Automobiles and Highway Traffic § 1117.**

**Instructions on sudden emergency in motor vehicle cases. 80 ALR2d 5.**

**Modern status of sudden emergency doctrine. 10 ALR5th 680.**

**2. Automobiles and Other Vehicles § 585 (NCI4th)— defendant rear-ended by third-party defendant—excessive speed—judgment n.o.v. improper**

The trial court erred in granting third-party defendant's motion for judgment n.o.v. in an action to recover for injuries sustained in an automobile accident where there was evidence which tended to show that third-party defendant was driving at a rate of speed in excess of a speed which would have been safe in light of the rainstorm which was occurring at the time her vehicle rear-ended defendant's car, and the question of whether third-party defendant was negligent was a question for the jury to decide.

**Am Jur 2d, Automobiles and Highway Traffic § 1100.**

Judge GREENE dissenting.

Appeal by plaintiffs and third-party plaintiff from final judgment entered 31 May 1994 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 14 September 1995.

*Ligon & Hinton by George Ligon, Jr. for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P. by Steven M. Sartorio & James Y. Kerr, II for defendant and third-party plaintiff-appellant, Glenn Edward Badgett.*

*Broughton, Wilkins, Webb & Sugg, P.A. by R. Palmer Sugg for third-party defendant-appellee, Wendell Sanderford McDonald.*

WYNN, Judge.

On 6 September 1992, defendant and third-party plaintiff Glenn Badgett drove his car with his wife as a passenger along Interstate 40 in Johnston County. I-40 is a four lane highway at that point, and the Badgetts' vehicle was being driven in the left lane in a westerly direction when they noticed that a pick-up truck had run into a ditch off of the right side of the highway. Mrs. Badgett told Mr. Badgett that the truck on the side of the road belonged to his sister-in-law, Suellen Berkshire. Mr. Badgett also noticed that another truck with its emergency red lights flashing was also off the right side of the road near Ms. Berkshire's truck.

Mr. Badgett stopped his car, pulled over onto the left shoulder of the road, put his car into reverse and backed up to get closer to his sister-in-law's truck. After Mr. Badgett backed up far enough so that he was almost directly across from his sister-in-law's truck he put his car in park. There was a dispute in the testimony as to whether Mr. Badgett stopped on the shoulder of the road, or stopped while his car was partially in the left lane of traffic. Mr. Badgett did not turn on his hazard lights, nor make any other attempt to warn cars passing him that he was moving in reverse in the left lane of traffic or on the shoulder of the road. At this time, there was intermittent heavy rain, and visibility was poor.

Plaintiff Benjamin L. Colvin, and his mother, Margaret Colvin, were passengers in another car being driven in a westerly direction along Interstate 40 by third-party defendant Wendell McDonald. The subject accident occurred when their car rear-ended the Badgetts' car.

Mr. Colvin's mother died subsequent to the accident for reasons unrelated to the accident. He filed suit individually and in his capacity as Administrator of the Estate of his mother, Margaret Colvin, against Mr. Badgett, alleging that both he and his mother sustained injuries due to the negligence of Mr. Badgett. Mr. Badgett answered

**COLVIN v. BADGETT**

[120 N.C. App. 810 (1995)]

and filed a third-party complaint against Ms. McDonald. Prior to resting his case, Mr. Colvin took a voluntary dismissal on his individual claim.

In a special verdict form, the jury found that the plaintiff's mother was not injured by the negligence of Mr. Badgett. Plaintiff's resulting motions for judgment notwithstanding the verdict or in the alternative for a new trial were denied by the trial judge. However, the trial judge granted Ms. McDonald's motion for judgment notwithstanding the verdict against Mr. Badgett. Mr. Colvin and Mr. Badgett appeal.

On appeal, there are two issues before this Court: (1) Whether the trial court erred by granting the defendant's request for a jury instruction on the doctrine of sudden emergency, and (2) whether the trial court erred by granting Ms. McDonald's motion for judgment notwithstanding the verdict. We conclude that the trial court erred in both instances, and we reverse and remand for a new trial.

I.

[1] The doctrine of sudden emergency applies when one is confronted with an emergency situation which compels him or her to act instantly to avoid a collision or injury. *Schaefer v. Wickstead*, 88 N.C. App. 468, 363 S.E.2d 653 (1988). An emergency situation has been defined by our courts as: "[T]hat which 'compels [defendant] to act instantly to avoid a collision or injury . . . .' " *Keith v. Polier*, 109 N.C. App. 94, 98-99, 425 S.E.2d 723, 726 (1993), quoting *Schaefer v. Wickstead*, 88 N.C. App. 468, 471, 363 S.E.2d 653, 655 (1988).

In the case *sub judice*, Mr. Badgett contends that he was entitled to an instruction on the doctrine of sudden emergency because he noticed his sister-in-law stranded on the side of the road. He argues he should be held to a lesser standard of care because he saw his sister-in-law's truck disabled on the side of the road. We disagree.

The fact that Mr. Badgett felt fear and apprehension upon seeing his sister-in-law's truck on the side of the road, while understandable, did not give rise to a situation where he had to act instantly to avoid injury to himself or another. Thus, the facts of this case do not allow for an instruction on the doctrine of sudden emergency. Since the trial court erroneously instructed the jury on the doctrine of sudden emergency, the plaintiff is entitled to a new trial. *Masciulli v. Tucker*, 82 N.C. App. 200, 346 S.E.2d 305 (1986).

COLVIN v. BADGETT

[120 N.C. App. 810 (1995)]

II.

**[2]** Third-party plaintiff Badgett separately appeals and contends that the trial court erred by granting third-party defendant McDonald's motion for judgment notwithstanding the verdict. We agree.

In determining whether to grant a motion for judgment notwithstanding the verdict a trial court is required to apply the same standard as in a directed verdict. *Allen v. Pullen,* 82 N.C. App. 61, 345 S.E.2d 469 (1986), *disc. rev. denied,* 318 N.C. 691, 351 S.E.2d 758 (1987). That standard requires that: "All of the evidence which supports the non-movant's claim [be viewed] as true and must be considered in the light most favorable to the non-movant, giving that party the benefit of all reasonable inferences. . . ." *Id.* at 64, 345 S.E.2d at 472 quoting *Bryant v. Nationwide Mutual Fire Ins. Co.,* 313 N.C. 362, 329 S.E.2d 333 (1985). The motion may be granted only when the evidence, when so considered, is insufficient as a matter of law to support a verdict for the non-movant. *Dickinson v. Pake,* 284 N.C. 576, 201 S.E.2d 897 (1974).

In *Beanblossom v. Thomas,* 266 N.C. 181, 146 S.E.2d 36 (1966) our Supreme Court stated:

Unless the driver of the leading vehicle is himself guilty of negligence, or unless an emergency is created by some third person or other highway hazard . . . the mere fact of a collision with the vehicle ahead furnishes some evidence that the motorist in the rear was not keeping a proper lookout or that he was following too closely.

*Id.* at 188, 146 S.E.2d at 42 (citations omitted). In *Masciulli v. Tucker,* 82 N.C. App. 200, 346 S.E.2d 305 (1986), this Court applied *Beanblossom* and held that evidence showing a driver rear-ended a car after driving faster than road conditions permitted, without more, allowed an inference of negligence, and thus the issue of the negligence of the driver of the car which rear-ended the other car is an issue for the jury.

In the case *sub judice,* there was evidence offered which, if believed by the jury, tended to show that Ms. McDonald was driving at a rate of speed in excess of a speed which would have been safe in light of the rainstorm which was occurring at the time her vehicle rear ended Mr. Badgett's car. The question of whether Ms. McDonald was negligent is a question for the jury to decide.

New Trial.

COLVIN v. BADGETT

[120 N.C. App. 810 (1995)]

Judge McGEE concurs.

Judge GREENE dissents with separate opinion.

Judge GREENE dissenting.

Because I believe that the trial court properly instructed the jury on the doctrine of sudden emergency, I do not agree that the plaintiffs are entitled to a new trial.

The evidence, viewed in the light most favorable to defendant, *see Bolick v. Sunbird Airlines, Inc.*, 96 N.C. App. 443, 448, 386 S.E.2d 76, 79 (1989) (in determining whether instruction is required, evidence must be viewed in light most favorable to proponent), *aff'd per curiam*, 327 N.C. 464, 396 S.E.2d 323 (1990), reveals that defendant was driving behind his sister-in-law in a rain storm. Defendant approached a truck on the side of the road with its "emergency red lights flashing" and his wife noticed that his sister-in-law's truck was over in a ditch, near the truck with its emergency lights on. Defendant knew that his sister-in-law and her youngest child were in the truck. Defendant's wife saw that his sister-in-law was inside the truck with the emergency lights, but defendant did not know the location of the child. In response to this situation, defendant "pull[ed] over to . . . the emergency exit on the road . . . backed" down the side of the road about "eight or ten yards," waited for a car to pass, backed "another eight to ten yards" and stopped, because he was close enough to his sister-in-law's truck. This evidence can support a reasonable inference that the defendant was faced with an "emergency and [was] compelled to act instantly to avoid . . . injury" to another. *Foy v. Bremson*, 286 N.C 108, 116, 209 S.E.2d 439, 444 (1974); *Bolick*, 96 N.C. App. at 448, 386 S.E.2d at 79. A reasonable inference is that the defendant, after being suddenly confronted with an accident scene which involved his sister-in-law and her child, believed that the situation required immediate action to prevent some possible further harm to them and it was, therefore, proper to instruct the jury to evaluate his conduct accordingly. Because I believe that the plaintiffs are not entitled to a new trial, I likewise would not disturb the judgment of the trial court dismissing the third party action.